## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| *In Re: Search Warrant* | ) ) ) ) | Case Nos. 20-196M<br>19-285M |

## GOVERNMENT'S RESPONSE TO MOTION TO QUASH AND OTHER OUTSTANDING MOTIONS

Movant has filed, in response to a duly authorized search warrant issued to Google, Inc. for information contained in Movant's Google account, to quash that warrant. (D.I. 4)[1]. Movant incorrectly alleges that the warrant is actually a "subpoena" and that it does not cite "any criminal statute(s) or probable cause(s)." (*Id.* at ¶ 1). Not only is this allegation completely made-up, but Movant has no ability to move to quash the warrant, as neither the Stored Communications Act, 18 U.S.C. §§ 2701-2712 ("SCA") nor the Fourth Amendment allow for pre-execution challenges to a search warrant by an email account holder.[2] As a result, the government

---

[1] All references to docket entries are to case number 20-196M, which relates to the warrant that Movant challenges in his motion to quash. Case number 19-285M is a case relating to a residential search warrant, which had already been executed in November 2019.

[2] In his motion to quash, Movant admitted that he is the sole user of the Google Account at issue. (D.I. 4 at ¶ 2). Therefore, any evidence found in the Google account is necessarily attributable to him.

FILED

1

OCT 2 3 2020

U.S. DISTRICT COURT DISTRICT OF DELAWARE

respectfully requests that: (1) the Court deny Movant's motion to quash; and (2) order Google, Inc. to comply with the warrant within 10 calendar days of the Court's order.[3]

Movant has also filed two other motions: one for a change of venue under Federal Rule of Criminal Procedure 21 (D.I. 5), and another to unseal the case file (D.I. 7). Both should be dismissed; the former because there is no proceeding against Movant to be relocated, and the latter because the government has already unsealed the case file.

### A. Movant's Motion to Quash Should be Denied.

1. The government obtained a duly authorized search warrant for Movant's Google Account.

Contrary to Movant's allegation, the warrant at issue that Movant challenges clearly complies with all legal requirements for search warrants. It seeks evidence of a crime and specifically references two separate federal crimes: exceeding authorized access of a protected computer in violation of 18 U.S.C. § 1030(a)(2); and obtaining individually identifiable health information relating to an individual, in violation of 42 U.S.C. § 1320d-6(a)(2). (*See* D.I. at ¶5). Furthermore, the fact that the warrant was signed by a neutral and detached magistrate in compliance with Federal Rule of Criminal Procedure 41 defeats Movant's argument that the warrant does not announce probable cause. In authorizing the warrant, the Magistrate Judge necessarily found that there was probable cause that evidence of the two aforementioned federal felonies would be found within Movant's Google Account.

2. <u>Movant cannot move to quash a duly authorized search warrant before its execution.</u>

Neither the SCA nor the Fourth Amendment allow for a target of a search warrant to prevent the execution of that warrant through a motion to quash. The SCA allows the government to request electronic information through either the use of: (1) a traditional search warrant, 18 U.S.C. § 2703(a), (b)(1)(A), (c)(1)(A), (2) a court order under 18 U.S.C. § 2703(d), or (3) a subpoena under 18 U.S.C. § 2703(b)(1)(B)(i), (c)(2). The search warrant here proceeds under § 2703(a), (b)(1)(A), and (c)(1)(A), which, unlike utilizing a court order or subpoena under the SCA contains no notice requirement and no mechanism to challenge disclosure. For example, Congress explicitly stated in the SCA that use of a court order or subpoena require "notice from the governmental entity to the subscriber or customer." *See* 18 U.S.C. §§ 2703(a), 2703(b)(1)(B). No such requirement exists for a search warrant. Similarly, 18 U.S.C. § 2704 sets out the mechanisms for challenging court orders under § 2703(d) and subpoenas. *See, e.g.*, 18 U.S.C. § 2704(b)(1). This statutory regime applies only to court orders and subpoenas—not to duly authorized search warrants. The fact that Congress explicitly created a notice requirement and a mechanism to quash court orders and subpoenas—but not search warrants—indicates that Congress did not intend to allow account holders to challenge search warrants before their execution. *See In re The Matter of the June 1, 2017 Search Warrant for Email Accounts Hosted by Google, Inc.*, Case No. 17-MJ-70752, N.D. Cal., December 14, 2017 (D.I. 33) at p. 1) ("The [SCA] does not provide an email account holder a means to prevent the execution of a warrant authorizing the search of his account.").

3

The reason for this is plain: the Fourth Amendment protects people from unreasonable searches of their property. However, the Fourth Amendment only applies after a search occurs, it does not prevent pre-execution disclosure of evidence; rather, it suppresses the post-execution use of evidence. *See id.* When the government obtains a search warrant, "[t]he person to be searched has no lawful way to prevent execution of the warrant." *In re Grand Jury Subpoena Dated Dec. 10, 1987*, 926 F.2d 847, 854 (9th Cir. 1991). Instead, the Fourth Amendment serves to protect Movant should the government ever indict him, by allowing him to challenge the warrant through a motion to suppress. *See United States v. Info. Associated with Email Account (Warrant)*, 449 F. Supp. 3d 469, 475 (E.D. Pa. 2020) (affirming the magistrate court's dismissal of a motion to quash by an email account holder where the government obtained a search warrant). The Supreme Court decided an analogous issue in *United States v. Grubbs*, where the Ninth Circuit suppressed a warrant because the warrant did not note on its face that it was actually an anticipatory warrant, thereby giving the Defendant notice of and a chance to challenge at the outset of the search the warrant's conditional nature. 547 U.S. 90 (2006). In reversing, the Supreme Court stated:

> "The Constitution protects property owners not by giving them license to engage the police in a debate over the basis for the warrant, but by interposing, *ex ante*, the 'deliberate, impartial judgment of a judicial officer ... between the citizen and the police,' and by providing, *ex post*, a right to suppress evidence improperly obtained and a cause of action for damages."

*Id.* at 99 (citing *Wong Sun v. United States*, 371 U.S. 471, 481–482 (1963). The same principle applies here—Movant cannot challenge in advance the execution of a

4

warrant that has been properly issued by a neutral magistrate in accordance with the law. He can move to suppress after indictment, or initiate a civil action for damages.

## B. Movant's Other Motions Should Also be Denied.

The other remaining motions should also be denied. Regarding Movant's motion to change venue under Federal Rule of Criminal Procedure 21, that rule only applies on its face only to a "proceeding against [the] defendant." F.R.C.P. 21(a). There is no current proceeding against Movant, and he is not a defendant. Unless and until Movant is indicted, there is no "proceeding" against him to transfer. The only process that has heretofore occurred in the District of Delaware are the issuance of two search warrants. Therefore, this Court should deny Movant's motion to change venue.

Movant's motion to unseal the case file should also be denied as moot. On October 21, 2020, the government filed a motion to unseal the case (D.I. 6). The motion was granted the same day. Therefore, Movant's motion to unseal (D.I. 7) is now moot. A proposed Order is attached.

Respectfully submitted,

DAVID C. WEISS
United States Attorney
District of Delaware

By: */s/ Alexander P. Ibrahim*
Alexander P. Ibrahim
Assistant United States Attorney

Dated: October 28, 2020

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| *In Re: Search Warrant* | ) ) ) ) | Case Nos. 20-196M 19-285M |

## PROPOSED ORDER

AND NOW, this ____ day of _____, 2020, upon consideration of the Government's Response to Motion to Quash and Other Outstanding Motions, IT IS HEREBY ORDERED that:

1. Movant's Motion to Quash the Search Warrant in Case No. 20-196M (D.I. 4) is hereby denied.

2. Movant's Motion to Change Venue (D.I. 5) is denied.

3. Movant's Motion to Unseal the Case File (D.I. 7) is denied as moot.

Google, Inc. is ordered to provide the government with information responsive to its search warrant within 10 calendar days of the date of this order.

_____
United States Magistrate Judge

Dated: _____, 2020

6